# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION
## CIVIL ACTION NO.: _____

NORTH CAROLINA FARM BUREAU )
MUTUAL INSURANCE COMPANY, )
INC., as subrogee of Rickie Johnson and )
Emmy L. Johnson, )
       )
           Plaintiff, )
       )
vs. )
       )
WALMART INC. )
and )
CURTIS INTERNATIONAL, LTD, )
       )
           Defendants. )

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, INC., as subrogee of Rickie and Emmy Johnson (hereinafter referred to as "NC Farm Bureau"), by counsel, and hereby files its complaint against defendants Walmart, Inc. and Curtis International, Ltd. and states as follows:

## THE PARTIES

1. Plaintiff NC Farm Bureau is a corporation duly organized and existing under the laws of the State of North Carolina, with a principal place of business at 5301 Glenwood Avenue, Raleigh, North Carolina 27612 and at all relevant times was authorized to transact business and write policies of insurance in the State of North Carolina.

2. Plaintiff's subrogors, Rickie Johnson and Emmy L. Johnson ("the Johnsons"), are North Carolina citizens and residents who at all times hereinafter mentioned were the owners of a home at 104 Helena Lane, Archer Lodge, North Carolina 27527-3506.

3. At all times relevant hereto, NC Farm Bureau provided property insurance coverage under Policy No.: HP 5958250 to the Johnsons against losses from certain perils and causing certain damage to their home and contents and under which said insurance policy was in full force and effect.

4. Defendant Walmart Inc. (hereinafter referred to as "Walmart"), is a foreign corporation organized and existing under the laws of the State of Delaware, with a principal place of business located at 702 SW 8th St., Bentonville, Arkansas, 72712-6209. Prior to February 1, 2018, Walmart Inc. operated under the legal name Walmart Stores, Inc. Effective February 1, 2018, the company changed its legal name to Walmart Inc. References herein to "Walmart" refer to the same corporate entity regardless of the name under which it operated at any relevant time. At all times hereinafter mentioned, defendant Walmart was engaged in, inter alia, the business of owning Walmart branded retail stores and designing, manufacturing, marketing, selling, supplying and/or distributing consumer electronic products such as ONN 10' Portable DVD/Media Player kits with lithium-ion battery packs. Walmart can be served with process by serving its registered agent at: CT Corporation System, 160 Mine Lake Ct., Ste 200, Raleigh, NC 27615-6417.

5. Defendant Curtis International, Ltd (hereinafter referred to as "Curtis International") is a foreign corporation organized and existing under the laws of Canada, with a principal place of business located at 7045 Beckett Drive, Unit 15 Mississauga, Ontario L5S 2A3. At all times hereinafter mentioned, defendant Curtis International was engaged in, inter alia, the business of importing, exporting, designing, manufacturing, marketing, selling, supplying and/or distributing consumer electronic products such as the ONN 10' Portable DVD/Media Player. Curtis International can be served with

2

process through the Hague Convention by serving the Ontario Central Authority for the Attorney General.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332, because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states in that the citizenship of plaintiff is completely diverse from the citizenships of the defendants.

7. Venue is appropriate in the United States District Court for the Eastern District of North Carolina, Western Division pursuant to 28 U.S.C. §1391, in that a substantial part of the events and acts and omissions causing the loss which is the subject of this action occurred in the Eastern District of North Carolina, Western Division.

## GENERAL ALLEGATIONS

8. At all relevant times, ONN is a private label brand of electronic products that is *exclusively* sold, marketed, and distributed to consumers by Defendant Walmart.

9. At all relevant times, Walmart advertised, marketed, sold and otherwise put out ONN 10' Portable DVD/Media Player kits with lithium-ion battery packs as its own to the public through Walmart branded online sales platforms and at Walmart retail stores within North Carolina and throughout the United States.

10. At all relevant times, Walmart advertised, marketed and sold these ONN 10' Portable DVD/Media Player kits with lithium ion battery pack kits as manufactured by Walmart, and placed labels and decals on the packaging for the ONN 10' Portable DVD/Media Player kits with lithium-ion battery packs, indicating that ONN 10' Portable DVD/Media Player kits are made by Walmart.

3

11. The "ONN" brand name is a trademark owned by Walmart Apollo, LLC, a Delaware corporation which is a wholly owned subsidiary of Walmart.

12. At all relevant times, Curtis International provided warranties with the ONN 10' Portable DVD/Media Player kits with lithium-ion battery packs.

13. Neither Walmart nor Curtis International's role in the manufacture of the ONN 10' Portable DVD/Media Player kits with lithium-ion battery packs were clearly and accurately identified on the label/decals/warranty for the ONN 10' Portable DVD/Media Player kits. Walmart and Curtis International's role in manufacturing the ONN 10' Portable DVD/Media Player kits with lithium-ion battery packs advertised, marketed, sold and warranted by Walmart and Curtis International were concealed by Walmart and Curtis International.

14. Walmart owns and operates a retail store at 805 Town Center Boulevard in Clayton, North Carolina (the "Walmart Store") from which it advertises and sells consumer electronics and other products to the public.

15. On or about January 16, 2017, the Johnsons purchased an ONN 10' Portable DVD/Media Player kit with lithium-ion battery pack (the "DVD player") from the Walmart Store.

16. Upon information and belief, Curtis International manufactured the DVD player and distributed and sold the DVD player to Walmart at its Walmart Store.

17. Upon information and belief, Walmart commissions the design, manufacture, and assembly of the various electronic products in Walmart's proprietary ONN range of products through various manufacturers, including but not limited to Defendant Curtis International.

18. Upon information and belief, Defendant Walmart, which is the world's largest retailer, exercises and maintains substantial control over the design, manufacture, specifications,

4

assembly, quality control, packaging and labeling requirements and warranty requirements for its line of ONN electronic products, including the DVD player.

19. Upon further information and belief, Defendant Walmart exercises that substantial control in order to create a line of electronic products that will meet certain cost, functionality, and quality standards that Walmart deems to be attractive to its customers, profitable for Walmart, and suitable to represent Walmart's exclusive ONN brand name in the marketplace.

20. At all relevant times, the Johnson home contained the aforementioned DVD player.

21. The DVD player was neither misused nor materially altered or modified at any time.

22. At all relevant times, the DVD player contained rechargeable lithium-ion batteries.

23. On or about October 27, 2024, a fire originated within the DVD player and spread to damage the Johnsons real and personal property at 104 Helena Lane, Archer Lodge, North Carolina (the "Fire").

24. The fire caused extensive damage to the Johnsons home and personal property totaling Three Hundred, Thirty-four Thousand, Five Hundred eighty-four and 97/100 Dollars ("$334,584.97").

25. The Fire and resultant damage were caused by a defect in the DVD player product manufactured, designed, distributed, marketed and sold by defendants. Specifically, among other things, the battery management system for the DVD player failed to prevent the DVD player from entering thermal runaway and fire.

26. The DVD player was in the same or substantially similar condition that it was in when it left defendants' control, and at the time of sale to the Johnsons.

27. Pursuant to the policy of insurance issued by North Carolina Farm Bureau to the Johnsons, the Johnsons made a claim to North Carolina Farm Bureau for their losses as a result of the Fire.

28. As a direct and proximate result of the foregoing fire and the negligent acts and omissions of defendants, North Carolina Farm Bureau paid to the Johnsons an amount in excess of Three Hundred Thousand Dollars ($300,000.00). Plaintiff North Carolina Farm Bureau is subrogated to the rights of the Johnsons to recover damages from third persons to the extent of the payments made by Plaintiff North Carolina Farm Bureau.

29. As a result of the fire, Plaintiff suffered the aforementioned damage in an amount in excess of Three Hundred Thousand Dollars ($300,000.00).

## COUNT I – NEGLIGENCE
## PLAINTIFF V. WALMART

30. Plaintiff realleges Paragraphs 1 through 29 and incorporates the same herein by reference.

31. This cause of action is brought pursuant to N.C. Gen. Stat 99B-1(2), N.C. Gen. Stat. § 99B-2(a) and Gen. Stat. § 99B-6.

32. At all times material hereto, Defendant Walmart exercised substantial control over the design, manufacture, marketing, packaging and sale of the DVD player.

33. By holding itself out as manufacturing the DVD player, and thereafter preparing, processing, marketing, advertising, packaging, labeling, selling and distributing the DVD player with the public believing that Walmart manufactured the DVD player, Walmart undertook the common law duty of acting with reasonable care.

6

34.     As the apparent manufacturer of the DVD player, defendant Walmart manufactured and distributed DVD players and placed them in the stream of commerce including into North Carolina knowing that it was to be used without inspection for defects.

35.     Defendant Walmart had a duty to use reasonable care in the design, manufacture and distribution of the DVD player without any potentially dangerous defects.

36.     At all relevant times, including when the incident alleged herein occurred, the DVD player was used in an intended, ordinary and foreseeable manner.

37.     At the time of its manufacture/assembly, Defendant acted unreasonably in designing and manufacturing the DVD player.

38.     At all relevant times, Defendant knew or should have known that lithium-ion batteries pose a known thermal runaway and fire risk.

39.     At the time the DVD player left Defendant Walmart's control, Defendant Walmart unreasonably failed to adopt a safer, practical, feasible, and otherwise reasonable alternative design or formulation or warnings that could have been reasonably adopted and that would have prevented or substantially reduced the risk of harm without substantially impairing the usefulness, practicality, or desirability of the DVD player.

40.     Defendant Walmart, because of the conduct of their agents, employees and representatives, breached its duties to use due care by committing one or more of the following negligent acts or omissions, including, but not limited to, the following:

> (a)     failing to properly design the DVD player, including its battery management system;
>
> (b)     failing to properly manufacture the DVD player, including its battery management system;
>
> (c)     supplying and distributing a defectively designed and manufactured the DVD player which they knew or should have

7

known would subject the Plaintiff's subrogors' property to an unreasonable risk of harm;

(d)     failing to adequately and properly supervise, direct and/or inspect the manufacture and design of the DVD player, which supervision, direction and inspection would have revealed defects in the DVD player;

(e)     selling the DVD player in a defective condition unreasonably dangerous to the Johnsons;

(f)     failing to warn the Johnsons of the aforesaid defective condition of the DVD player, which they knew or should have known existed and created an unreasonable risk of harm to the property of the Johnsons;

(g)     failing to warn the Johnsons of the defective design of the DVD playerss after it placed the DVD players into the stream of commerce; and

(h)     otherwise failing to use due care.

41.     As a direct and proximate result of the foregoing negligence, carelessness and negligent omissions of defendant Walmart, their agents, servants, workmen and/or employees, Plaintiff sustained damage, as hereinbefore averred, in an amount in excess of Three Hundred Thousand Dollars ($300,000.00).

WHEREFORE, Plaintiff requests that this Court:

1.     Order a trial by jury on all issues enumerated in this Complaint;

2.     Order that Plaintiff recover from defendant Walmart damages in an amount in excess of Three Hundred Thousand Dollars ($300,000.00); pre-judgment interest as allowed by law and the costs of this action; and

3.     Order such other and further relief as this Court deems just and proper.

8

<u>**COUNT II – NEGLIGENCE**</u>
<u>**PLAINTIFF V. CURTIS INTERNATIONAL**</u>

42.     Plaintiff realleges Paragraphs 1 through 29 and incorporates the same herein by reference.

43.     At all times material hereto, Defendant Curtis International exercised substantial control over the design, manufacture, marketing and sale of the DVD player.

44.     Defendant Curtis International had substantial control over the manufacture and distribution of the DVD player and placed them in the stream of commerce including into North Carolina knowing that it was to be used without inspection for defects.

45.     Defendant Curtis International had a duty to use reasonable care in the design, manufacture and distribution of the DVD player without any potentially dangerous defects.

46.     At all relevant times, including when the incident alleged herein occurred, the DVD player was used in an intended, ordinary and foreseeable manner.

47.     At the time of its manufacture/assembly, Defendant Curtis International acted unreasonably in designing and manufacturing the DVD player.

48.     At the time the DVD player left Defendant Curtis International's control, Defendant Curtis International unreasonably failed to adopt a safer, practical, feasible, and otherwise reasonable alternative design or formulation that could have been reasonably adopted and that would have prevented or substantially reduced the risk of harm without substantially impairing the usefulness, practicality, or desirability of the DVD player.

49.     Defendant Curtis International, because of the conduct of their agents, employees and representatives, breached its duties to use due care by committing one or more of the following negligent acts or omissions, including, but not limited to, the following:

9

(a)    failing to properly design the DVD player, including its battery management system;

(b)    failing to properly manufacture the DVD player, including its battery management system;

(c)    supplying and distributing a defectively designed and manufactured the DVD player which they knew or should have known would subject the Plaintiff's subrogors' property to an unreasonable risk of harm;

(d)    failing to adequately and properly supervise, direct and/or inspect the manufacture and design of the DVD player, which supervision, direction and inspection would have revealed defects in the DVD player;

(e)    selling the DVD player in a defective condition unreasonably dangerous to the Johnsons;

(f)    failing to warn the Johnsons of the aforesaid defective condition of the DVD player, which they knew or should have known existed and created an unreasonable risk of harm to the property of the Johnsons;

(g)    failing to warn the Johnsons of the defective design of the DVD players after it placed the DVD players into the stream of commerce; and

(h)    otherwise failing to use due care.

50.    As a direct and proximate result of the foregoing negligence, carelessness and negligent omissions of defendant Curtis International, their agents, servants, workmen and/or employees, Plaintiff sustained damage, as hereinbefore averred, in an amount in excess of Three Hundred Thousand Dollars ($300,000.00).

WHEREFORE, Plaintiff requests that this Court:

1.    Order a trial by jury on all issues enumerated in this Complaint;

2.    Order that Plaintiff recover from defendant Curtis International damages in an amount in excess of Three Hundred Thousand Dollars ($300,000.00); pre-judgment interest as allowed by law and the costs of this action; and

10

3.      Order such other and further relief as this Court deems just and proper.

## COUNT III – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
## PLAINTIFF V. DEFENDANT WALMART

51.     Plaintiff re-alleges Paragraphs 1 through 29 of the complaint and incorporates the same herein by reference.

52.     Defendant Walmart is a merchant with respect to products such as the DVD player.

53.     Defendant caused to be placed into the marketplace the DVD player in a defective condition which it impliedly warranted to be of merchantable quality and fit for the ordinary purpose for which it was intended.  The DVD player product was not fit or safe for the ordinary purpose for which it was intended, nor was it fit for any other foreseeable use, nor did it conform to the descriptions which were evidenced on its labels and advertisements nor was it of merchantable quality, because of the following breaches:

> (a)     the design and manufacture of the DVD player was unreasonably dangerous in that it was not safe for use as a DVD player and could cause a fire and damage.

54.     As a direct and proximate result of the breach by defendant of this implied warranty of merchantability, Plaintiff sustained damages in an amount in excess of Three Hundred Thousand Dollars ($300,000.00) as hereinbefore averred.

WHEREFORE, Plaintiff requests that this Court:

1.      Order a trial by jury on all issues enumerated in this Complaint;

2.      Order that Plaintiff recover from the defendant Walmart, damages in an amount in excess of Three Hundred Thousand Dollars ($300,000.00); pre-judgment interest as allowed by law and the costs of this action; and

3.      Order such other and further relief as this Court deems just and proper.

11

This the 1st day of June, 2026.

SALTZ NALIBOTSKY

*/s/Albert S. Nalibotsky*
Albert S. Nalibotsky, Esquire
N.C. Bar No.: 19478
Peter F. Asmer, Jr.
N.C. Bar No: 19360
6101 Carnegie Blvd., Suite 440
Charlotte, North Carolina
Phone: 704-910-2680
Email: analibotsky@s-nlaw.com
Email: pasmer@s-nlaw.com
*Counsel for Plaintiff*

12